**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                                      **Case No. 4:06cr20-SPM**

**vs.**                                **Case No. 4:08cv190-SPM/WCS**

**TRALVIN Q. BETHEL,**

        **Defendant.**

_____/

**REPORT AND RECOMMENDATION TO DENY § 2255 MOTION**

        Defendant Tralvin Bethel, proceeding pro se, filed an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, with an attached memorandum in support.  Doc. 197 and attached memo.  *See* doc. 198 (construing attached motion to amend as a supporting memorandum).  The Government filed a response in opposition.  Doc. 202.  Though given the opportunity to do so, doc. 198, Defendant did not file a reply.

**Procedural History**

        Pursuant to a plea agreement with the Government, Defendant pleaded guilty to counts one, four, and seven of the indictment.  Docs. 108 (plea agreement), 109 (report and recommendation), and 110 (order adopting recommendation and accepting plea).

Count one charged a conspiracy by Defendant and others, between November 1, 2004, and January 21, 2006, to manufacture, distribute and possess with intent to distribute more than five kilograms of a mixture and substance containing cocaine, "and more than fifty grams of a mixture and substance containing cocaine base, commonly known as 'crack cocaine,' . . . ."  Doc. 3 (indictment).  Count four charged distribution and possession with intent to distribute cocaine and more than 50 grams of a substance containing cocaine base (commonly known as crack cocaine) on or about December 4, 2005.  *Id.*  Count seven charged possession with intent to distribute heroin and more than 500 grams of a substance containing a cocaine on or about January 21, 2006.  *Id.*

The plea was accepted on July 12, 2006, and sentencing set for September 25, 2006.  Docs. 110 and 111.[1]  The presentence report (PSR) was furnished to defense counsel with a letter dated August 18, 2006.  Doc. 119.  Several continuances were granted, and sentencing ultimately held on April 23, 2007.  Doc. 169 (minutes).

The Government filed a substantial assistance motion.  Doc. 164.  Defense counsel filed a sentencing memorandum on April 18, 2007, with letters from family members attached.  Doc. 166.  The memorandum noted Defendant's assistance, the Government's motion, and asserted that an appropriate sentence would be similar to the term of 171 months imposed on a codefendant.  *Id.*

At sentencing, counsel for Defendant presented character witnesses, and urged that Defendant was on the right track given his cooperation and family ties.  *Id.*, pp. 5-11.

---

[1] All of the § 2255 claims go to the effectiveness of counsel at sentencing.  The court therefore summarizes sentencing but does not go into the particulars of the plea, except as specifically relevant.

When given the chance to speak, Defendant said that he made a mistake, and apologized to the community and to his family.  Doc. 200, p. 10.  He said this taught him a lesson, to "stay away from it, behave yourself."  *Id.*

The Government asserted that:

> The PSR accurately describes the amount of drugs this defendant was involved in, more than 40 kilograms of powder cocaine, more than two and a half kilograms of crack cocaine and 83 grams of heroin.  The defendant represents the pipeline in this conspiracy between South Florida and the Northern District of Florida.  He's responsible for bringing in all the drugs that were distributed to the other defendants that we prosecuted here in the Northern District of Florida.

*Id.*, p. 11.

The court found that the findings of the PSR, as corrected or modified, were accurate.  *Id.*, p. 13.  The court found that a sentence of 252 months on each count, to be served concurrently, took into account the assistance provided to the Government and the circumstances of the offense:

> You were near the top of the supply chain as a distributor of powder and crack cocaine, as well as heroin.  You supplied all five co-defendants in this case, six defendants in a related case, and an individual prosecuted in the Southern District of Georgia.

> You directed the unlawful activities of at least two of your co-defendants, Lenard Minor and Krystal Dozier.  During a traffic stop you fled from law enforcement officers at speeds of up to 110 miles per hour, throwing at least one brick-sized package of cocaine out the window as you were fleeing.

Doc. 200, p. 14.  This was below the advisory guidelines range of 360 months (30 years) to life. *Id.*, p. 13 ("[b]efore the 5K1 motion was filed, you were facing a guideline range of 30 years to life); PSR, ¶ 80.

Defendant did not appeal.

**§ 2255 Review**

Review of a § 2255 motion is limited.

Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"

Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004) (citations and footnotes omitted).

Errors raised and disposed of on direct appeal cannot be considered pursuant to a § 2255 motion.  United States v. Nyhuis, 211 F.3d 1340 , 1343 (11th Cir. 2000) (citation omitted).  If an issue was not raised and decided against Defendant on appeal, on the other hand, it is procedurally barred and will not be reviewed absent a showing of cause and prejudice.  *Id.*, at 1344 (citations and footnote omitted).  "Ineffective assistance of counsel may satisfy the cause exception to a procedural bar," but "the claim of ineffective assistance must have merit."  Nyhuis, 211 F.3d at 1344, citation omitted. Ineffective assistance of counsel may be raised in a § 2255 motion, whether or not it could be raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693-1694, 155 L.Ed. 2d 714 (2003); Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000) ("ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim.") (emphasis by the Court).[2]

---

[2] While the Government summarizes all of Defendant's claims as ineffective assistance of counsel claims, it asserts procedural default as to some of the underlying

To prevail on a claim of ineffective assistance of counsel, Defendant must demonstrate that counsel's performance was deficient, *i.e.*, that his performance fell below an objective standard of reasonableness, and prejudice as a result of that deficient performance.  Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984).  The court need not address both deficient performance and prejudice where a defendant makes an insufficient showing as to one. *Id.* at 697, 104 S.Ct. at 2069.  It is presumed that counsel's performance was objectively reasonable, so for Defendant to show it was unreasonable, he "must establish that no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*), *cert. denied,* 531 U.S. 1204 (2001) (footnote and citation omitted).

For prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  For alleged ineffectiveness at sentencing, Defendant must show a reasonable probability that, absent the errors, the court would have sentenced him differently.  466 U.S. at 695, 104 S.Ct. at 2069.

A petitioner "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied*, 535 U.S. 926

---

claimed errors of counsel.  Doc. 202, pp. 1-2, 5-6, 8.  The Government also addresses the merits, and the court reviews all claims in the context of the two part test for determining ineffectiveness of counsel (set forth ahead).

(2002).  The cases which prevail under <u>Strickland</u> "are few and far between."  *Id.*
(citation omitted).

**Ground One**

Defendant asserts ineffective assistance of counsel  and a violation of due
process for failure to disclose the revised PSR to him at least ten days before
sentencing as required by 18 U.S.C. § 3552(d).  Doc. 197, p. 3 and attached memo, pp.
2-4 (pp. 3, 12-14 in ECF).[3]  The Government responds that the revised report of
February 5, 2007, did not change the base offense level, departures, total offense level,
criminal history, or guidelines range.  Doc. 202, p. 4.  Defendant does not specify any
changes made in the revised version as to which he did not have sufficient notice.
Further, he did not complain to the court at sentencing that he lacked sufficient time to
review the revised PSR.

Petitioner has not alleged when he received the revised PSR, or anything that
would have been done differently had he reviewed it earlier than whenever it was he did
review it.  Defendant has failed to allege any error of counsel or prejudice to the
outcome of sentencing.  This is not even plain error, and cannot establish prejudice
under Strickland.  <u>Gordon v. United States</u>, 518 F.3d 1291 (11th Cir. 2008) (for
prejudice under <u>Strickland</u>, defendant must at least satisfy the prejudice required for
plain error); *see* <u>United States v. Smart</u>, 218 Fed.Appx. 836, 839-840 (11th Cir. 2007)
(finding no plain error where defendant had only eight days to review his PSR, but did

---

[3] Electronic case filing.  References are made to the document as filed by
Defendant, followed by the page numbers of the document as scanned in ECF.

not object or seek continuance, and told the court that he read the report and reviewed it with counsel).

**Ground Two**

Defendant claims counsel was ineffective for failing to investigate or make a constitutional objection to his sentencing enhancement for possession of a firearm by a codefendant under § 2D1.1(b)(1).  Doc. 197, p. 3, memo pp. 5-10 (pp. 3, 15-20 in ECF).  The Government claims that this claim is procedurally defaulted, and that it lacks merit.  Doc. 202, pp. 5-6.  As it is as an ineffective assistance of counsel claim, it is not barred or procedurally defaulted.  *See* <u>Massaro</u> and <u>Edwards</u> (cited *supra*).

The PSR provided that "the defendant was arrested on October 9, 2005 . . . while in the company of co-defendant Krystal Dozier, and was charged with Unlawfully Carrying a Concealed Weapon," so the two level enhancement applied.  PSR, ¶ 37.  Krystal Dosier was a named coconspirator.  The arrest was described elsewhere in the report as a charge of unlawful possession of a controlled substance, which was still pending.  PSR, ¶ 63.  "On October 9, 2005, the defendant was the driver of a vehicle that was stopped for a routine traffic violation.  The defendant was found to have 3 1/2 ecstasy tablets in his possession, as well as $7,000.00 in cash.  While searching the car, officers located a .40 caliber semi-automatic pistol."  *Id.*

It was clarified at the time of sentencing that, at the time he was to appear in that case he was here (in this district) cooperating with the Government, so "probably the whole thing will go away" and certainly there was no failure to appear on the charges.  Doc. 200, pp. 3-5.  No objection was made to the enhancement at sentencing.

Defendant now claims the Government did not prove beyond a reasonable doubt that he had ownership of the firearm, and there was insufficient evidence to show he could have reasonably foreseen that one of his coconspirators would be carrying a firearm.  Doc. 197, memo, pp. 5-6 (pp. 15-16 in ECF).  He notes no evidence of dominion or control, and claims the firearm was not in plain view, was not registered to him, and did not have his fingerprints.  *Id.*, p. 6 (p. 16 in ECF).  Defendant claims there was insufficient evidence to show he had constructive possession, or that he had dominion or control over the person, place or thing where the weapon was found.  *Id.*, pp. 7-8 (pp. 17-18 in ECF).  Counsel never raised the argument that there was no direct evidence, or identified the inconsistency between the court's conclusion (that he deserved the enhancement) with the actual testimony, which allegedly was only "according to the Government" rather direct evidence.  *Id.*, p. 9 (p. 19 in ECF).

Defendant has not come forward with any argument or evidence to show that there was a viable objection to make, and cannot show deficient performance or prejudice.  For a firearm enhancement based on a coconspirator's conduct, the Government must prove by a preponderance of evidence that possession of the firearm was by a coconspirator, possession was in furtherance of the conspiracy, the possession occurred while the defendant was part of the conspiracy, and the coconspirator's possession was reasonably foreseeable by the defendant.  United States v. Novation, 271 F.3d 968, 1014 (11th Cir. 2001) (citations omitted) (assuming error in failure to make a finding of foreseeability, finding no plain error).  Given the length of the conspiracy in this case, Defendant's role in it, and the amount of drugs involved, it was reasonably foreseeable that his coconspirators would carry firearms

while transporting drugs or large sums of money by car.  *See* Castillo v. United States,
200 F.3d 735, 737 and n. 2 (11th Cir.2000), *cert. denied*, 531 U.S. 845 (2000)
(upholding § 924(c) conviction, finding it "reasonably foreseeable that [the codefendant]
would carry a firearm because, as we have previously stated, 'weapons have become
tools of the trade for those involved in the distribution of illegal drugs.'") (citation
omitted).  This ground is without merit.

**Ground Three**

Defendant asserts ineffective assistance of counsel for failing to make a
constitutional objection to his sentence enhancement for role in the offense, and claims
he was actually entitled to an adjustment for having a minimal or minor role relative to
other conspirators.  Doc. 197, p. 4, attached memo, pp. 10-12 (pp. 4, 20-22 in ECF).
He asserts that a downward adjustment as a minimal or minor participant is not
necessarily precluded by a finding of managerial role.  *Id.*, attached memo, pp. 10-11
(pp. 20-21 in ECF).  He claims that there was insufficient evidence to show he had
control over anyone, or had organizational or decision making authority.  *Id.*, pp. 11-12
(pp. 21-22 in ECF).

Defendant's offense level was increased pursuant to U.S.S.G. § 3B1.1(b), as
"defendant directed the activities of several coconspirators.  He was also the individual
with connections to the larger suppliers."  PSR, ¶ 39.  *See also* ¶ ¶ 13-30 (describing
the offense conduct); and doc. 107 (factual basis for plea).

As noted above, the court found at sentencing that Defendant was "near the top
of the supply chain" in distributing cocaine, crack cocaine, and heroin, had supplied all
the codefendants in this case (and others in other cases) with drugs, and he "directed

the unlawful activities of at least two" coconspirators, Minor and Dozier.  Defendant has

not shown a viable argument counsel failed to make either in objection to the

enhancement or in support of a downward adjustment, and cannot establish attorney

error or prejudice.

**Ground Four**

Defendant asserts ineffectiveness for counsel's failure to make a constitutional

objection to the enhancement for obstruction of justice.  Doc. 197, p. 4 and attached

memo, pp. 12-13 (pp. 4, 22-23 in ECF).  This is labeled as "Argurment V" [sic] in the

memorandum.  The enhancement for obstruction was based on Defendant's conduct

preceding his arrest on January 21, 2006, when he led officers on a high speed chase

by car and then, when his car caught fire, fled on foot.  PSR, ¶ 32, 40.

Defendant asserts that the enhancement may not be based on facts found by the

judge, and the court failed to make specific findings as to obstruction of justice or

perjury.  *Id.*, attached memo, pp. 12-13 (pp. 22-23 in ECF).  He references the Apprendi

line of cases,[4] including in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005).  *Id.*, p. 13.

> [Booker] held that "[a]ny fact (other than a prior conviction) which is
> necessary to support a sentence exceeding the maximum authorized by
> the facts established by a plea of guilty or a jury verdict must be admitted
> by the defendant or proved to a jury beyond a reasonable doubt."  In light

---

[4] Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147
L.Ed.2d 435 (2000) (confirming that, "[o]ther than the fact of a prior conviction, any fact
that increases the penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury, and proved beyond a reasonable doubt.").  The Apprendi
rationale was extended to an enhancement under state sentencing guidelines, Blakely
v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), and to the
Federal Sentencing Guidelines in Booker .

of this holding, the *Booker* Court also held the mandatory sentencing guidelines unconstitutional, and excised two parts of the Sentencing Reform Act to cure the constitutional defects: 18 U.S.C. § 3553(b)(1), making the guidelines result binding on the sentencing court; and § 3742(e), requiring de novo review of sentences on appeal.  *Thus, the remainder of the Sentencing Reform Act now satisfies constitutional requirements.*

United States v. Henderson, 409 F.3d 1293, 1306 -1307 (11th Cir. 2005), *cert. denied*, 546 U.S. 1169 (2006) (emphasis added, citations omitted).  Cunningham v. California, 549 U.S. 270, 291-292, 127 S.Ct. 856, 870 (2007) (discussing Booker, noting that "[t]o remedy the constitutional infirmity found in *Booker*, the Court's majority excised provisions that rendered the system mandatory, *leaving the Guidelines in place as advisory only.*") (citations omitted, emphasis added).

Here the court expressly applied the guidelines as *advisory*.  Doc. 200, p. 13 ("I recognize that the guidelines are not binding upon me and I have tailored the sentence to take into account the facts and circumstances surrounding this particular case.").  Consequently, there was no Booker error in failing to prove the facts supporting this enhancement beyond a reasonable doubt.  *See also* United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), *rehg. en banc denied*, 406 F.3d 1261 (11th Cir.), *cert. denied*, 125 S.Ct. 2935 (2005) (Booker holds "that the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury."); United States v. Mathenia, 409 F.3d 1289, 1291 (quoting Rodriguez with original emphasis); United States v. Pugh, 515 F.3d 1179, 1188 (11th Cir. 2008) (Booker left in place the guidelines as important but advisory, with a reasonableness standard of appellate review).

Aside from Booker, Defendant has not alleged any specific objection counsel could or should have made to this enhancement, and fails to establish any error of counsel or resulting prejudice.

**Ground Five**

Defendant claims that whether the substance was crack cocaine was a fact to be determined beyond a reasonable doubt before he could be sentenced based on the harsher penalties for crack cocaine.  Doc. 197, attachment, p. 13.[5]  He asserts that the court should have used the powder cocaine to marijuana conversion in establishing his sentence, and asks the court to consider the sentencing disparity for crack and powder cocaine offenses in applying the advisory guidelines.  *Id.*  He references the Booker line of cases, as well as Gall v. United States,  552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).  *Id.*, p. 14.  He claims that the facts had to be found beyond a reasonable doubt by a jury, citing Cunningham v. California.  *Id.*, p. 15.

The Government has addressed this ground as an ineffective assistance of counsel claim,[6] and the court does so as well.  Doc. 202, pp. 9-10.

A fact does not have to be proven beyond a reasonable doubt if it is admitted by the Defendant.  Defendant Bethel pleaded guilty (as set forth above) to three counts, two of which specifically charged the substance was cocaine base, commonly known as

---

[5] This is the fifth claim, but labeled "Arguement VI" [sic] in the memorandum.

[6] This is less clearly presented as an ineffectiveness claim by Defendant, but in the last paragraph of the memorandum he states an evidentiary hearing is necessary to determine whether counsel was ineffective "in failing to raise the objection to the facts alleged in this 2255 . . . ."  *Id.*  It therefore appears he intended to raise all claims as claims of ineffective assistance of counsel.

crack cocaine, with a quantity of more than 50 grams (counts one and four).  To the extent the court determined the quantity of crack cocaine within the statutory sentence (to which Defendant entered his plea) under the guidelines, there was no <u>Booker</u> error since the court applied the guidelines as advisory.

To the extent that Defendant faults counsel for failing to urge the court to consider the sentencing disparity for crack cocaine offenses in applying the advisory guidelines, counsel cannot be faulted for failing to make the argument later successful in <u>Kimbrough</u>,[7] which at that time was contrary to Eleventh Circuit precedent.  *See* <u>United States v. Stratton</u>, 519 F.3d 1305, 1306-07 (11th Cir. 2008) (<u>Kimbrough</u> overruled binding circuit precedent on this point, citation omitted);  <u>United States v. Ardley</u>, 273 F.3d 991, 993 (11th Cir. 2001) (J. Carnes, concurring in the denial of rehearing en banc) ("[i]n this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel," which "applies even if the claim based upon anticipated changes in the law was reasonably available at the time," and "even when the change is such that the forfeited issue was, in hindsight, a sure fire winner.") (collecting cases; finding claims of ineffectiveness for failure to anticipate <u>Apprendi</u> foreclosed as a matter of law).

Finally, the court notes the following as to this Defendant, sentenced for crack cocaine offenses and complaining about sentencing disparity.  The guidelines were amended to reduce by two levels the base offense level for certain crack cocaine offenses, this amendment applies retroactively, and the court would have the authority to

---

[7] Defendant was sentenced on April 23, 2007, and <u>Kimbrough</u> was decided on December 10, 2007.

modify his sentence if this lowered Defendant's applicable guideline range.  *See* United States v. Williams, 557 F.3d 1254, 1256 (discussing Amendment 706 and 18 U.S.C. § 3582(c)(2), other citations omitted).  Assuming Defendant were entitled to a two level reduction to his base offense level, it would be 36 (rather than 38), with a total offense level of 40 (rather than 42).  PSR, ¶ ¶ 36, 43.  With an offense level of 40 and his criminal history category of V (PSR, ¶ 51), his guidelines range would be 360 months to life.  That was his range at sentencing.  PSR, pp. 80.  As the guidelines range would not change, relief under § 3582(c)(2) is not authorized.  *See also* United States v. James, 548 F.3d 983, 983-984 (11th Cir. 2008) (citations omitted).

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the amended § 2255 motion filed by Defendant Tralvin Bethel, doc. 197, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2009.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**